UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
IMRAN RUBBANI,

              Plaintiff,

  -against-

KUEHNE CHEMICAL COMPANY INC D/B/A
KUEHNE COMPANY. AND
VICTOR J. BOCANEGRA,

              Defendants.
------------------------------------X

**COMPLAINT**
JURY TRIAL DEMANDED

23cv684

## Introduction

1. The instant action arises out of a motor vehicle collision that occurred on February 27, 2020, at or about 2:35 am on I287 w/b Gowanus Ramp at or near Hamilton Avenue Brooklyn NY, County of Kings, State of New York.

2. The collision occurred when the Defendant rear ended the plaintiff's vehicle.

3. As a result of the collision, Imran Rubbani suffered numerous serious injuries including injuries to his neck, back and shoulder which necessitated injections and surgical intervention.

## Parties

4. The plaintiff Imran Rubbani is a resident of Brooklyn New York.

5. Upon information and belief, on February 27, 2020, the defendant Kuehne Chemical Company. Inc. d/b/a Kuehne Company (Hereinafter Kuehne) is a corporation licensed to do business in the state of New Jersey with its primary business address of 86 N. Hackensack Avenue Kearny NJ 07032

6. Defendant Victor J. Bocanegra is a resident of the State of New Jersey.

7. Defendant Victor J. Bocanegra address is 541 77th Street North Bergen NJ 07047

8. Defendant Victor J. Bocanegra is an employee of Kuehne, and his primary

business address is 86 N. Hackensack Avenue Kearny, New Jersey 07032

**Statement of Jurisdiction and Venue**

9. Since plaintiff is a resident of New York and Defendants are residents of New Jersey, there is complete diversity under 28 U.S.C. 1332(a).

10. Since the plaintiffs suffered severe, serious and potentially permanent injuries, the amount in controversy is in excess of $75,000.

11. Venue is proper under 28 U.S.C. 1391(b)(2) because the motor vehicle collision giving rise to the instant action occurred in Kings County which is within this judicial district.

**As and For a First Cause of Action**

12. On February 27, 2020, the plaintiff Imran Rubbani was the owner of a 2012 Toyota car bearing New York license plate number 7760977C for the year of 2020.

13. On February 27, 2020, the plaintiff Imran Rubbani was a seat-belted operator of a 2012 Toyota car bearing New York license plate number 7760977C for the year 2020.

14. At all times mentioned herein, plaintiff Imran Rubbani was operating a 2012 Toyota car bearing New York license plate number 7760977C for the year 2020, at a safe rate of speed wholly within his designated lane of travel.

15. Upon information and belief, on February 27, 2020, the defendant Kuehne was the owner of a 2007 Freight Pick Up Truck with New Jersey State license plate AT594F for the year 2020.

16. Upon information and belief, on February 27, 2020, the defendant Kuehne was the owner of a 2007 Freight Pick Up Truck with VIN number 1FUJA6CV07LW43431.

17. Upon information and belief, on February 27, 2020, the defendant Victor J.

Bocanegra was operating a 2007 Freight Pick Up Truck with New Jersey State license plate AT594F for the year 2020.

18. Defendant Victor J. Bocanegra was operating a 2007 Freight Pick Up Truck with New Jersey State license plate AT594F for the year of 2020 with the express permission of Kuehne.

19. Defendant Victor J. Bocanegra was operating a 2007 Freight Pick Up Truck with New Jersey State license plate AT594F for the year 2020 in furtherance of his job duties for Kuehne.

20. Kuehne gave defendant Victor J. Bocanegra express permission to use the operating a 2007 Freight Pick Up Truck with New Jersey State license plate AT594F for the year 2020 on February 27, 2020.

21. On or about February 27, 2020, and at all times herein mentioned, Defendant Victor J. Bocanegra controlled the use and operation of 2007 Freight Pick Up Truck with New Jersey State license plate AT594F for the year of 2020.

22. That at all times hereinafter mentioned, 278I west bound Gowanus Ramp, near or about its exit with Hamilton Avenue County of Kings, City and State of New York, was and now is a public highway in common use as a public thoroughfare.

23. That on February 27, 2020 at the same time and place, the defendant, Victor J. Bocanegra, was operating his said motor vehicle at or near the said location.

24. That at the time and place aforesaid, there was contact between the motor vehicle driven by defendant Victor J. Bocanegra, and the vehicle driven by plaintiff.

25. That the defendant Victor J. Bocanegra herein, failed to adhere to the New York Vehicle & Traffic Laws and did not stop and struck the rear of the vehicle operated by Plaintiff IMRAN RUBBANI.

26. That the aforesaid contact and accident and the injuries resulting therefrom, were due

solely and wholly as a result of the careless, reckless, and negligent manner in which the Defendants owned, operated and controlled the motor vehicle without the Plaintiffs in any way contributing thereto.

27. The above-stated occurrence and the results thereof were caused by the negligence of the Defendants in the ownership, operation, management, maintenance, inspection, repair and control of Motor Vehicle ;in operating same without due regard to the rights and safety of the Plaintiff; in operating said motor vehicle in a manner which unreasonably endangered the Plaintiff; in failing to obey traffic signals; in failing to properly steer, guide, manage and control said vehicle; in operating same at a rate of speed greater than was reasonable and proper at the time and place of the occurrence; in failing to apply the brakes or slow down or stop in such a manner as would have prevented the occurrence; in failing to have made adequate and timely observation of and response to conditions then existing at the place and time of the occurrence; in failing to observe signs and signals prevailing at the time and place of the occurrence; in failing to keep a proper look-out when operating and controlling said vehicle; in failing to properly maintain said motor vehicle; close following; in failing to give adequate and timely signal notice or warning of the approach of their vehicle; in operating said motor vehicle in violation of the applicable vehicle and traffic laws, rules, regulations, statutes and ordinances of Westchester County and State of New York; in operating said motor vehicle in violation of the New York Vehicle & Traffic Law § 388 and § 1129.

28. Upon information and belief, the defendant Kuehne was responsible for the care, upkeep, repair, maintenance, housing, and condition of the 2007 Freight Pick Up Truck with New Jersey State license plate AT594F for the year of 2020 that Victor J. Bocanegra was operating at the time of the collision.

29. Defendant Kuehne Chemical Co. Inc. is liable for the actions of Defendant Victor

J. Bocanegra under the doctrine of respondent superior.

30. The collision occurred because Defendant Victor J. Bocanegra was following plaintiff's vehicle too closely and struck the plaintiffs' vehicle with great force in the rear.

31. The defendant Victor J. Bocanegra's conduct was negligent because a reasonably prudent person would maintain a safe distance and stop without hitting another in the rear.

32. The defendant Victor J. Bocanegra's conduct was negligent because a reasonably prudent person would not hit another car in the rear.

33. Defendant Victor J. Bocanegra had a duty to plaintiffs to maintain a safe distance between cars and stop.

34. It was foreseeable that defendant Victor J. Bocanegra's conduct could cause an accident because following too closely creates an unacceptable risk of collision.

35. That this action falls within one or more of the exception set forth in New York CPLR 1601 and CPLR 1602.

36. Pursuant to CPLR § 1602(2)(iv), Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiffs' non-economic losses, irrespective of the provisions of CPLR § 1601, by reason of the fact Defendants owed the Plaintiff a non- delegable duty of care.

37. Plaintiffs' damages, including, but not limited to Plaintiffs' non-economic losses, irrespective of the provisions of CPLR § 1601, by reason of the fact that each of the answering Defendant is vicariously liable for the negligent acts and omissions of their agents, servants, or employee, which persons or entities may be one or more of the Defendants to this action.

38. Defendant's conduct was the proximate cause of the plaintiff Imran Rubbani's injuries because they were not pre-existing and were diagnosed after the collision.

39. Plaintiff Imran Rubbani's suffered a serious injury as defined by New York Insurance Law 5102(d) because he suffered permanent consequential limitation of use of a body organ or member, and a significant limitation of use of a body function or system due to herniated discs and attendant loss of range of motion.

40. That by reason of the negligence of the Defendants as aforementioned, Plaintiff IMRAN RUBBANI sustained serious bodily injuries, causing him great pain and discomfort in the past, present, and upon information and belief, in the future; he became and continues to be sick, sore, lame and disabled; upon information and belief, some of his injuries will be permanent; he was and upon information and belief, will be, compelled to seek medical attention for these injuries; and has been and upon information and belief, will be, unable to attend to his usual economic, educational and social activities.

41. The amount in controversy is in excess of $75,000.

**WHEREFORE,** plaintiff seeks a judgment in excess of the minimum jurisdictional limits required for diversity jurisdiction pursuant to 28 USC 1332(a).

Dated: Brooklyn, NY
January 13, 2023

Yours, etc.

Nicholas E. Tzaneteas
Law Offices of Nicholas E. Tzaneteas
Attorneys for Plaintiffs
1392 Coney Island Avenue
Brooklyn, NY 11230
(718)) 704-5519

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
IMRAN RUBBANI,

                JURY TRIAL DEMANDED

          Plaintiff,
-against-

KUEHNE CHEMICAL COMPANY INC D/B/A
KUEHNE COMPANY. AND
VICTOR J. BOCANEGRA,

         Defendants.
------------------------------------X

## JURY DEMAND

Please be advised, pursuant to Federal Rules of Civil Procedure Rule 38 and the 7th Amendment of the Unites States Constitution, plaintiff demands a trial by jury on all issues presented in the instant case.

Dated: Brooklyn, NY
      January 13, 2023

                                    Yours, etc.,

                                    Nicholas E. Tzaneteas
                                    Law Offices of Nicholas E. Tzaneteas
                                    Attorneys for Plaintiffs
                                    1392 Coney Island Avenue
                                    Brooklyn, NY 11230
                                    (718)) 704-5519

STATE OF NEW YORK )
                                  SS.:
COUNTY OF KINGS )

I, Imvan Rubbani, being duly sworn, deposes and says that deponent is the plaintiff in the within action; that deponent has read the foregoing Complaint

_____ and knows the contents thereof; that the same are true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, deponent believes them to be true.

(x) X _____

Sworn to before me this
13 day of January 2023

NOTARY PUBLIC

NICHOLAS TZANETEAS
Notary Public - State of New York
No. 02TZ6024021
Qualified in Westchester County
My Commission Expires: May 3, 2023

JS 44 (Rev. 4-29-21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Imran Rubbani

**DEFENDANTS**
KUEHNE CHEMICAL COMPANY INC. D/B/A
KUEHNE COMPANY AND VICTOR J BOCANEGRA

(b) County of Residence of First Listed Plaintiff __Brooklyn__
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant __NEW JERSEY__
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Law Office of Nicholas E. Tzaneteas (718) 704-5519
1392 Coney Island Avenue Brooklyn NY 11230

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

*Does this action include a motion for temporary restraining order or order to show cause?* Yes [ ] No [✓]

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [x] 350 Motor Vehicle / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S Code Section 1332
Brief description of cause:
Motor Vehicle Accident

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 5,000,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 1/26/23
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, Nicholas E. Tzaneteas, counsel for Imran Rubbani, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☑ monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☐ the complaint seeks injunctive relief,

☐ the matter is otherwise ineligible for the following reason

### DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

### RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 1(c)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?    ☐ Yes    ☑ No

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?    ☐ Yes    ☑ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?    ☑ Yes    ☐ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?    ☐ Yes    ☐ No
(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

### BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☑ Yes          ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐ Yes   (If yes, please explain    ☑ No

I certify the accuracy of all information provided above.

Signature: _____

Last Modified: 11/27/2017